# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00239-FDW
# (3:03-cr-00055-FDW-DCK-1)

| | |
|---|---|
| ANDREW TIMOTHY JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

## I. BACKGROUND

On November 17, 2004, Petitioner was convicted by a jury of the following four offenses: Hobbs Act Robbery under 18 U.S.C. § 1951; armed bank robbery and aiding and abetting the same under 18 U.S.C. § 2113(d); and two counts of possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). [Criminal Case No. 3:03-cr-55 ("CR") Docs. 81, 91]. Petitioner was sentenced on June 7, 2005 for a total term of imprisonment of 497 months. [CR Doc. 91]. Petitioner appealed and the Fourth Circuit Court of Appeals affirmed his conviction and sentence. [CR Docs. 95, 110]. The Judgment became final on September 30, 2008. [CR Doc. 125]. On September 4, 2007, while his appeal was pending, Petitioner filed a § 2255 motion to vacate his conviction and sentence. [Civil Case No. 3:07-cv-00373-FDW, Doc. 1]. On the merits

of this petition, the Court granted the Government's motion for summary judgment and dismissed Petitioner's petition. [Civil Case No. 3:07-cv-00373, Doc. 12].

On May 25, 2016, Petitioner filed a successive § 2255 motion to vacate together with an order from the Fourth Circuit granting authorization for Petitioner to file a successive § 2255 Petition. As grounds, the Fourth Circuit noted that Petitioner had "made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 136 S. Ct. 1257 (2016), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case." [Id. at 1-1]. This successive petition is still pending in Civil Case No. 3:07-cv-00373 and has been previously stayed pending a decision by the United States Supreme Court in Beckles v. United States, United States v. Ali, and United States v. Simms. On March 25, 2019, the matter was stayed pending the United States Supreme Court's decision in United States v. Davis, No. 18-431.

Now, the Petitioner has filed another successive § 2255 motion to vacate regarding the same conviction and sentence that is currently the subject of pending and stayed Civil Case No. 3:07-cv-00373. [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

Petitioner filed the instant Motion to Vacate on May 21, 2019, seeking the Court vacate his conviction and sentence in Criminal Case No. 3:03-cr-00055. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on May 25, 2016, which is currently pending before this Court and stayed pending the Supreme Court's decision in United States v. Davis. Thus, this is successive Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:03-cr-00055.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.[1] See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Furthermore, the Court sees no logical or legal reason for Petitioner to have filed another § 2255 petition regarding the same conviction and sentence that is already properly before this Court. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

---

[1] Rather, Petitioner falsely attests under penalty of perjury in his petition that he has not "previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court." [Doc. 1 at 2].

I.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).  Petitioner has failed to make the required showing.

**IT IS SO ORDERED**.

Signed: May 23, 2019

Frank D. Whitney
Chief United States District Judge